IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re INTRABIOTICS PHARMACEUTICALS, INC. SECURITIES LITIGATION, <br><br> This document relates to: <br><br> All Actions <br> _____ / | No. C 04-02675 JSW <br><br> **CLASS ACTION** <br><br> **NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 17, 2005:

The Court **tentatively GRANTS** Defendants' motion to dismiss with leave to amend and **tentatively GRANTS** Defendants' motion to require an undertaking. The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 20 minutes to address the following questions:

(1) What exactly do Plaintiffs contend are the materially false and misleading statements in the block quotes alleged in paragraphs 62 and 65 of the complaint?

(2) In paragraphs 72, 74-75, 78, 80, and 86 of the complaint, some of the language in the block quotes are bolded. Are the bolded portions the alleged materially false and

misleading statements? If not, what exactly do Plaintiffs contend are the materially false and misleading statements in these paragraphs?

(3) If the Court concludes that Plaintiffs have adequately alleged at least one false and misleading statement, does the Court have an obligation to evaluate the remaining alleged misstatements?

(4) Plaintiffs allege that "defendants were aware of the adverse results by their receipt of the interim results from Robert Ott of Advance Clinical Trials." (Complaint ¶ 91.) On what basis do Plaintiffs have knowledge of the alleged fact that Robert Ott provided interim results to Defendants?

(5) Plaintiffs further allege because the trial involved a 14-day cycle per patient and that by the time of the offering and the over-allotment, over 450 patients had been enrolled in the trial, "it had long been the case that a statistically significant number of patients had been tested for the data to reliably indicate that there were serious negative side effects to the use of iseganan for the treatment of VAP." (Complaint ¶ 91.) On what basis do Plaintiffs have knowledge of these alleged facts? Specifically, when do Plaintiff allege that statistically significant numbers of patients developed increased instances of VAP or died, and on what basis do Plaintiff allege this? What additional facts, if any, could Plaintiffs plead to demonstrate what Defendants knew when regarding the serious negative side effects caused by iseganan when used to treat VAP?

(6) In their opposition brief, Plaintiffs make arguments regarding Defendants' alleged knowledge of increased nausea from the trials for oral mucositis and defendant Henry Fuch's alleged earlier conduct in manipulating trial data, but do not reference such allegations in paragraphs 73, 77, 79, 82, and 87 of the complaint. Are Plaintiffs also relying on these allegations to show that statements in the preceding paragraphs are materially false and misleading?

(7) Defendants argue that Dr. Earnest Mario and Kevin Tang purchased IntraBiotics' stock on May 5, 2004 and October 6, 2003 respectively, and that the complaint alleges that Tang Capital Partners, LP and Dr. Mario helped finance the Phase II/III trial of iseganan for treatment of VAP. If true, why do such facts not fatally undermine Plaintiffs' allegations regarding scienter with respect to Dr. Mario and Mr. Tang?

(8) Plaintiffs argue that "it is well settled in this circuit and in every other circuit that investors who allege they purchased pursuant to a false or misleading registration statement possess standing to sue pursue Section 11 claims," yet do not cite any authority from the Ninth Circuit. Moreover, in the Second Circuit case cited by Plaintiffs, *DeMaria v. Andersen*, 318 F.3d 170 (2nd Cir. 2003), the company only had

2

one stock offering and so any person who acquired the company's stocks would have had standing to sue. Do Plaintiffs have any authority from the Ninth Circuit or elsewhere to support their argument that mere allegations of traceability are sufficient to demonstrate standing at this procedural stage?

(9) Given that at the time Plaintiff Buche purchased stock, more than 70% of the outstanding stocks were not issued pursuant to the challenged registration statement, will Plaintiffs be able to prove traceability? If so, on what type of evidence would Plaintiffs rely?

(10) Do the parties have anything further to add?

Dated: June 15, 2005                               /s/ Jeffrey S. White
                                                   JEFFREY S. WHITE
                                                   UNITED STATES DISTRICT JUDGE